1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOCELYN BURTON, SBN 135879
SCOTT NAKAMA, SBN 296732
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
jburton@burtonemploymentlaw.com
snakama@burtonemploymentlaw.com

Attorneys for Plaintiff DANIEL EVANS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL EVANS,<br><br>               Plaintiff,<br><br>        vs.<br><br>BRINDERSON CONSTRUCTORS INC.,<br><br>               Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>1.  FAILURE TO PAY OVERTIME – LABOR CODE § 510<br>2.  FAILURE TO PROVIDE OVERTIME – 29 U.S.C. § 207<br>3.  FAILURE TO PAY MINIMUM WAGES – LABOR CODE § 1194<br>4.  FAILURE TO PAY MINIMUM WAGES – 29 U.S.C. § 206<br>5.  FAILURE TO PROVIDE REST BREAKS<br>6.  FAILURE TO FURNISH COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS –  LABOR CODE § 226<br>7.  FAILURE PAY ALL WAGES DUE UPON TERMINATION – LABOR CODE § 203<br>8.  VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Daniel Evans (hereinafter "Plaintiff") respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for monetary damages, and injunctive relief and statutory under the

Federal Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and

the California Labor Code.  Plaintiff seeks redress for injuries that he sustained from Defendant

Brinderson Constructors Inc.'s ("Defendant") violations of the FLSA and the California Labor Code.

## JURISDICTION

1.      The Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 217 and

under 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over the related state claims under 28 U.S.C.

§ 1367.  Plaintiff's claims pursuant to the FLSA and the California Labor Code are related, as all of

Plaintiff's claims share common operative facts.  Resolving all state and federal claims in a single

action serves the interests of judicial economy, convenience, and fairness to the parties.

3.      The United States District Court for the Northern District of California is the proper

venue under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims

occurred in Contra Costa County, California.

## PARTIES

4.      Plaintiff was at all times relevant herein, employed by Defendant in California and

was an "employee" as defined by 29 U.S.C. § 203(e), the California Labor Code and applicable

Wage Order(s) of the Industrial Welfare Commission ("IWC").

5.      Defendant is a corporation headquartered in Costa Mesa, California.  Defendant is an

employer as defined by 29 U.S.C § 203(d), the California Labor Code and applicable IWC Wage

Order(s).

## GENERAL ALLEGATIONS

6.      At all relevant times, Defendant has been an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1), (s)(1) because

COMPLAINT, EVANS v. BRINDERSON CONSTRUCTORS INC.

      a.     Defendant has been engaged in a common business purpose – to make a profit by providing construction, maintenance, and turnaround services to energy industries;

      b.     Workers employed by Defendant have handled products, including vehicles, equipment, tools, communication devices and supplies, made outside of California and transported into the State; and

      c.     Since 2014, the combined annual gross volume of sales made, or business done by Defendants has exceeded $500,000.

7.     Plaintiff was hired by Defendant in approximately January 2014 maintenance mechanic craftsman.

8.     As part of his duties, Plaintiff was required to wear protective clothing because he was regularly exposed to dangerous chemicals (e.g., diesel, acid, gasoline, etc.)  After changing his clothes, Plaintiff was required to walk to a designated work area to wait for a company vehicle.  From there, the company vehicle transported Plaintiff and his coworkers to a job site within a refinery. Defendant, however, failed to compensate Plaintiff for all wages earned from the time he changed his clothes until the time he arrived at the job site within the refinery.

9.     At the end of Plaintiff's work shift, a company vehicle transported him and his coworkers back to approximately the same work area from which they were picked up at the beginning of the shift. Plaintiff and his co-workers walked to a locker room to change their clothes. Defendant, however, failed to compensate Plaintiff for all wages earned from the time Plaintiff entered the company vehicle until the time he completed changing his clothes.

10.     Defendant had a practice and policy of requiring employees to record fixed times that they began and ended their workday on time sheets, regardless of whether the time sheets accurately

COMPLAINT, EVANS v. BRINDERSON CONSTRUCTORS INC.

reflected the total hours of time worked.   Moreover, Plaintiff's supervisors verbally discouraged him and other workers from accurately stating their time on their time sheets.

11.   Because Defendant failed to compensate Plaintiff for all the hours that he worked, Defendant failed to pay Plaintiff all the overtime wages earned when he worked more than eight hours in a workday and forty hours in a workweek.

12.   Plaintiff was frequently denied rest breaks to which he was entitled.  Generally, nobody from Defendant's management ever relieved Plaintiff of duty so that he could take such a ten-minute rest break for every four hours worked.  Moreover, Defendant required Plaintiff to carry a work radio and to be on call at all times, even when Plaintiff was attempting to take a break. Since Defendant did not relieve Plaintiff of duty, he almost never took a ten-minute rest break.  Further, Defendant never compensated Plaintiff with an hour of "premium pay" for rest periods that were missed or interrupted.

13.   Because Defendant did not pay Plaintiff all the wages he earned, and because it did not compensate him with an hour of premium pay for all rest breaks not provided, Plaintiff failed to provide Defendant with complete and accurate wage statements.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 510**
**(Failure to Pay Overtime)**
**Against Defendant**

14.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 above as though fully set forth.

15.   Pursuant to Labor Code section 510, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an

COMPLAINT, EVANS v. BRINDERSON CONSTRUCTORS INC.

employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.   In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

16.      During the relevant time period, Defendant failed to pay Plaintiff the overtime wages due and owing.

17.      Plaintiff has been injured and requests relief.

<u>**SECOND CAUSE OF ACTION**</u>
**VIOLATION OF 29 U.S.C. § 207**
**(Failure to Pay Overtime – FLSA)**
**Against Defendant**

18.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 above as though fully set forth.

19.       During the relevant time period, Defendant violated 29 U.S.C. §§ 207(a)(2), 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Plaintiff routinely worked more than forty hours a week, but Defendant did not compensate him at time and one-half the regular rate at which he was employed for all hours worked in excess of forty.

20.      At all relevant times, Defendant has willfully violated and continue to violate 29 U.S.C. §§ 207(a)(2), 215(a)(2).  Defendant knew or should have known of the FLSA's overtime requirements but nevertheless employed Plaintiff without properly compensating him for hours worked in excess of forty per workweek.

21.      Plaintiff has been injured and requests relief.

**THIRD CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION § 1182.12**
**(Failure to Pay Minimum Wage)**
**Against Defendant**

22.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 above as though fully set forth.

23.    Pursuant to Labor Code § 1182.12, the minimum wage for the period from July 1, 2014 through December 31, 2015, was $9.00 per hour.  From January 2016 through December 31, 2016, the California minimum wage was $10.00 per hour.  From January 1, 2017 until December 31, 2017, the California minimum wage was $10.50 per hour.

24.    By requiring Plaintiff to work off the clock, Defendant intentionally failed to pay Plaintiff the California minimum wage.

25.    California Labor Code § 1194(a) provides:

(a)  Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

26.    California Labor Code § 1194.2(a) provides that in any action under 1194 "to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

27.    Plaintiff has been injured and requests relief.

///

///

///

///

COMPLAINT, EVANS v. BRINDERSON CONSTRUCTORS INC.

6

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 29 U.S.C. § 206**
**(Failure to Pay Minimum Wage – FLSA)**
**Against Defendant**

28.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 above as though fully set forth.

29.     During all relevant times, the federal minimum wage has been $7.25 an hour.

30.     By requiring Plaintiff to work off the clock, Defendant willfully and intentionally failed to pay Plaintiff the federal minimum wage in violation of 29 U.S.C. §§ 206 and 215(a)(2).

31.     Plaintiff has been injured and requests relief.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 226.7**
**(Failure to Provide Rest Breaks)**
**Against Defendant**

32.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 above as though fully set forth.

33.     Labor Code section 226.7 provides "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

34.    Plaintiff was not provided the opportunity to take rest breaks, as required.

35.    Plaintiff has been injured and requests relief.

## SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226(a), 226.3
**(Failure to Furnish Complete and Accurate Itemized Wage Statements)**
**Against Defendant**

36.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 above as though fully set forth.

37.    Labor Code section 226(a) provides "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing [. . .] (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, [. . .] (4)  all deductions, provided that all deductions make on written orders of the employee may be aggregated and shown on one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer [. . .] and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]"

38.    An employee suffering injury as the result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the

aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

39.    An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) through (9), inclusive, of subdivision (a) of Labor Code section 226 and the employee cannot promptly and easily determine from the wage statement alone:  (i) the amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a); (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period; (iii) the name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employee during the pay period; and (iv) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  Labor Code § 226(e)(2)(A), (e)(2)(B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

40.    During the relevant time period(s) and as set forth above, Defendant failed to provide accurate and complete itemized wage statements to Plaintiff, in violation of Labor Code section 226(a), because the wage statements failed to include all hours worked, the correct gross pay and the correct net pay.

41.    Wherefore, Plaintiff has been injured as set forth above and requests damages and relief as hereafter provided.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, 202**
**(Failure to Pay All Wages Upon Termination)**
**Against Defendant**

42.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 as though fully set forth.

43.     At all relevant times set forth, California Labor Code § 201 and 202 provide the if an employer discharges an employee, the wages earned and unpaid at the time of discharge and due and payable immediately, and if an employee voluntarily leaves his or her employment, his or her wages, will become due by seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

44.     During the relevant time period, Defendant willfully failed to pay Plaintiff earned wages at the time of discharge.

45.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, under §§ 201 and 203, then the wages of the employee will continue as a penalty from the due date, at the same rate until paid or until an action is commenced, but wages will not continue for over thirty (30) days.

46.     Under Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

47.     Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

///

///

COMPLAINT, EVANS v. BRINDERSON CONSTRUCTORS INC.

**EIGHTH CAUSE OF ACTION**
**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**
**Against Defendant**

48.    Plaintiff incorporates the allegation of Paragraphs 1 through 13 by reference.

49.    Defendant 's conduct, as alleged, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

50.    Defendant's activities, as alleged here, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

51.    A violation of California Business & Professions Code §§ 17200 *et seq.* may be predicated on the violation of a state or federal law.   Defendant's policies and practices of requiring Plaintiff and other employees to work off the clock and failing to pay them overtime and failing to provide them with required breaks, violate California Labor Code §§ 226.7, 510, and 1182.12 and constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.*

52.    Plaintiff has been injured by Defendant's unlawful business acts and practices as alleged, including but not limited to the loss of money or property. Defendant has reaped unfair benefits and illegal profits at Plaintiff's expense.

53.    Plaintiff is entitled to immediate possession of all amounts owed to Plaintiff by Defendant, with interest.

54.    Defendant's unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for, disgorge, and restore to Plaintiff the compensation unlawfully withheld from Plaintiff.

COMPLAINT, EVANS v. BRINDERSON CONSTRUCTORS INC.

**JURY DEMAND**

Plaintiff demands trial by jury of all claims and causes of action so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

As to the First Cause of Action:

1.      For unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5, 1194(a);

2.      For statutory penalties, including those available under Labor Code section 203; and

3.      For such other and further relief as the court deems just and proper.

As to the Second Cause of Action:

1.      For unpaid overtime wages, liquidated damages, equitable relief, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

2.      For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

3.      For such other and further relief as the Court deems just and proper.

As to the Third Cause of Action:

1.      For unpaid wages pursuant to Labor Code § 1194(a), liquidated damages under Labor Code § 1194.2 (a);

2.      For attorneys' fees and costs pursuant to Labor Code §§ 218.5, 1194.3;

3.      For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

4.      For such other and further relief as the court deems just and proper.

COMPLAINT, EVANS v. BRINDERSON CONSTRUCTORS INC.

<u>As to the Fourth Cause of Action:</u>

1.      For unpaid minimum wages, liquidated damages, equitable relief, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

2.      For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

3.      For such other and further relief as the court deems just and proper.

<u>As to the Fifth Cause of Action:</u>

1.      Unpaid wages under Labor Code § 226.7;

2.      Waiting time penalties under Labor Code § 203;

3.      Attorneys' fees and costs under Labor Code § 218.5; and

4.      For such other and further relief as the court deems just and proper.

<u>As to the Sixth Cause of Action:</u>

1.      Damages under Labor Code § 226(e);

2.      Attorneys' fees and costs under Labor Code § 226(h); and

3.      For such other and further relief as the court deems just and proper.

<u>As to the Seventh Cause of Action:</u>

1.      For waiting time penalties under Labor Code § 203;

2.      For attorneys' fees and costs under Labor Code § 218.5; and

3.      For such other and further relief as the court deems just and proper.

<u>As to the Eighth Cause of Action</u>

1.      For a declaratory judgment that Defendant violated the laws of the State of California;

2.     For a monetary judgment representing compensatory damages for lost wages, together with interest on those amounts; according to proof;

3.     For costs of suit and attorney's fees under Code of Civil Procedure § 1021.5; and

4.     For any further relief that is just and proper.

BURTON EMPLOYMENT LAW

Dated: December 6, 2018                    By://ss//Jocelyn Burton//ss/_____
                                                 JOCELYN BURTON
                                                 Attorney for Plaintiff
                                                 DANIEL EVANS